UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

    Plaintiff,

v.

APPLE, INC.,

    Defendant.

Case No. 26-11859
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR
RECUSAL [3, 9], MOTIONS TO ENFORCE STATE COURT ENTRY OF
DEFAULT [4, 19], AND MOTION TO REMAND [5]**

---

On March 26, 2026, Mutaz Alshara, proceeding *pro se*, filed a 32-page complaint in Wayne County Circuit Court against tech behemoth, Apple. (ECF No. 1-1.) Alshara alleged that Apple "barred" him from its "services and platforms for exercising his constitutional right of free speech" and failed to protect him from cyber-attacks, which he believes violated his constitutional rights, Michigan consumer protection law, and Apple's own terms of service. (*Id.* at PageID.32–37.) His complaint sought an unspecified "award of compensatory and punitive damages . . . in an amount to be determined at trial" (ECF No. 1-1, PageID.39), but it otherwise contained no specific monetary demand or facts supporting a claim of compensatory damages.

The case was then litigated in state court for some time. In May 2026, Apple filed a motion for summary disposition in lieu of an answer. (ECF No. 1-3, PageID.126–150.) Alshara responded, and on May 11, 2026, the Court set a briefing

schedule, which included a hearing on the motion for September 3, 2026. (ECF No. 1-3, PageID.238.)

Three days later, on May 14, 2026, Alshara filed a request for both an entry of default and default judgment, representing, for the first time, that he was seeking $7 million in damages. (ECF No.1-2.) So on June 4, 2026, Apple removed the case here, invoking this Court's diversity jurisdiction. (ECF No. 1.)

Alshara now seeks to remand the case to state court. (ECF No. 5.) He does not disclaim his $7 million demand and indeed appears to concede that this case falls within the Court's original jurisdiction. Instead, he argues solely that Apple's removal was untimely. But because Apple could not reasonably discern Alshara's multi-million-dollar damage claim from his fact-sparse complaint, that argument fails.

## I.

When determining whether to remand a case, the Court must "'determine whether the action was properly removed in the first place.'" *Columbus Zoological Park Ass'n v. Finisterre*, 2026 U.S. Dist. LEXIS 134958, at *2 (S.D. Ohio, June 17, 2026) (quoting *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 495 (6th Cir. 2016)). Thus, some basics on removal may be helpful.

A case initially filed in state court may usually be removed to federal court if the action could have been brought under the federal court's original jurisdiction. *See* 28 U.S.C. § 1446(b). Relevant here, a federal court has diversity jurisdiction over actions in which the parties are citizens of different states and the amount in

controversy (generally, damages) exceeds $75,000. *See* 28 U.S.C. § 1332.[1] "[A] defendant seeking to remove an action to federal court [must] show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

But removal has time limits. A notice of removal shall be filed "within 30 days" of the defendant's receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). If, however, the initial pleading "lacks solid and unambiguous information that the case is removable," the defendant's 30-day clock for removal only starts ticking when it receives a copy of an "amended pleading, motion, order or other paper" from which the defendant ascertains that the case is removable. *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015); *see also* 28 U.S.C. § 1446(b)(3)). In other words, if it is not clear from the face of the complaint that the amount in controversy exceeds $75,000, but a later filing makes that clear, the defendant has 30 days from receipt of that later filing to remove the action—notwithstanding when the initial complaint was filed.

## A.

Alshara says Apple's removal here was untimely because it should have known, based on his request for punitive damages alone, that the amount in

---

[1] While the first count of Alshara's complaint is "Violation of the First Amendment of the United States Constitution," he does not invoke 42 U.S.C. § 1983. (*See* ECF No. 1-1, PageID.32.) Neither Alshara nor Apple argue that this case falls within the Court's federal question jurisdiction (28 U.S.C. § 1331), or that the case could have been removed on that ground. So the Court will not address the issue either.

controversy in the case exceeded $75,000. (ECF No. 5, PageID.361–362.) Apple disagrees. In its view, it did not know, nor could it have known, that Alshara sought damages in excess of $75,000 until Alshara's $7 million demand in his request for default on May 14, 2026. Accordingly, its removal of the case on June 4, 2026, 21 days thereafter, was timely. (ECF No. 11, PageID.435.)

Alshara is right that punitive damages are to be included in the assessment of the amount in controversy—"unless it is apparent to a legal certainty that [punitive damages] cannot be recovered." *Hayes*, 266 F.3d at 572. And it is apparent that at least some of Alshara's claims are not eligible for punitive damages.

Punitive damages are disfavored under Michigan law and are only recoverable when "expressly authorized by the legislature." *Gilbert v. DaimlerChrysler Corp.*, 470 Mich. 749, 685 (Mich. 2004). And the legislature has not authorized punitive damages for an ordinary breach of contract claim. *See, e.g.*, *Gissendanner v. Riversource Life Ins. Co.*, No. 22-1577, 2023 U.S. App. LEXIS 18234, at *14–15 (6th Cir. July 17, 2023) ("punitive damages are not available for breach of contract in the absence of tortious conduct independent of the breach."). Nor are punitive damages recoverable on Alshara's Michigan Consumer Protection Act (MCPA) claims. *See Bakshi v. Avis Budget Group, Inc.*, No. 20-10419, 2022 U.S. Dist. LEXIS 41365, at *12–13 (E.D. Mich. Mar. 8, 2022) ("the plaintiff may recover no more than $250 as statutory damages under the MCPA"); *see also* Mich. Comp. Laws § 445.905. Same goes for Alshara's "negligent failure to protect from cyberattacks" claim. (ECF No. 1-1, PageID.36); *see George v. McGee*, No. 347636, 2020 Mich. App. LEXIS 1306, at *11

(Mich. Ct. App. Feb. 20, 2020) (citing *Gilbert*, 470 Mich. 749 at 400). Alshara has cited no law suggesting otherwise. (*See* ECF No. 1-1, PageID.37 (citing entirely unrelated provisions of Michigan law defining unconscionable trade practices (Mich. Comp. Laws § 445.903) and a locality's right to recover damages from the parents of a minor who damages its property (Mich. Comp. Laws § 600.2913)).)

That leaves only Alshara's claim that Apple violated his First Amendment rights. (ECF No. 1-1, PageID.32.) True, punitive damages may be recovered against certain state actors under 42 U.S.C. § 1983. *See Smith v. Wade*, 461 U.S. 30, 35 (1983). But Alshara has not cited § 1983, nor made any allegations that Apple is a state actor. *See, e.g.*, *McFadden v. Apple Inc.,* 785 F. App'x. 86, 88 (3rd Cir. 2019) ("Section 1983 provides a cause of action to redress federal constitutional violations caused by officials acting under color of state law" and Apple is "a private corporation not a state actor.") (citation omitted).

Even assuming that Alshara is seeking to allege a § 1983 claim, his bare request for punitive damages would still fail to establish that the amount in controversy exceeds $75,000. "At this early stage of the proceedings . . . it becomes difficult to estimate what punitive-damages recovery a jury might award." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 472 (6th Cir. 2019). Some courts, however, use a ratio approach, inspired by the Supreme Court's guidance in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), to estimate the amount of punitive damages at stake. *See, e.g.*, *Caperton v. State Auto Prop.*, No. 22-101, 2022 U.S. Dist. LEXIS 229340, at *17–18 (E.D. Ky. July 5, 2022) (collecting

cases). That is, courts estimate what the punitive damage award might be using a 2:1 (or sometimes more) "punitive to compensatory ratio." *Heyman*, 781 F. App'x at 472–73. But that approach is of no use here because Michigan prohibits a specific amount being demanded for unliquidated damages, *see* Mich. Ct. Rule 2.111(B)(2), and thus, Alshara did not allege a specific amount of compensatory damages in his complaint. (ECF No. 1-1, PageID.39.) So Alshara's unadorned request for punitive damages in his complaint, unaccompanied by any facts or even a viable claim from which punitive damages could be awarded, was insufficient to put Apple on notice that the amount in controversy here exceeded $75,000.

## B.

What of the rest of Alshara's complaint? Were there clues that he was seeking in excess of $75,000? No.

To begin, Alshara does not identify any personal injury suffered. He merely asserts, in a conclusory manner, that Apple violates users' privacy in a number of ways. His complaint does not even specify when he was allegedly removed from Apple's platforms, or what constitutionally-protected speech he engaged in. As such, a notice of removal based on Alshara's complaint alone could not have shown, by a preponderance of the evidence, that the amount in controversy exceeded $75,000. So Apple was right not to pursue it.

Because Apple only received "solid and unambiguous" notice of the magnitude of Alshara's claim upon receipt of his May 14, 2026, request for default and

accompanying $7 million demand, its removal to this Court on June 4, 2026, was timely.

## II.

Finding that removal was proper, the Court turns next to the motions Alshara concurrently filed with his motion to remand. (ECF Nos. 3, 4, 9, 19.)

## A.

First, Alshara filed a motion for recusal. (ECF No. 19.) His sole basis is that the Court issued a ruling dismissing a prior, unrelated case of his. (*Id.*); *see also Alshara v. The Associated Press*, No. 26-12547, ECF No. 7 (E.D. Mich. Dec. 10, 2025). But "the law is clear that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Kennedy v. Jackson-Davis*, No. 24-11290, 2026 U.S. Dist. LEXIS 31778, at *11–12 (E. D. Mich. Feb. 17, 2026) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also Berryman v. Artis*, No. 25-1090, 2025 U.S. App. LEXIS 25005, at *8 (6th Cir. Sept. 25, 2025) ("adverse judicial rulings 'are proper grounds for appeal, not recusal'"). So this motion is denied.

Alshara's earlier motion to recuse Magistrate Judge Anthony P. Patti (ECF No. 3) is further denied as moot, as the case has been reassigned to Magistrate Judge Kimberly Altman. (ECF No. 8).

## B.

Alshara also filed a "notice of pre-removal default and motion to recognize state court default entry." (ECF Nos. 4, 19.) But no entry of default was entered against Apple in state court. (ECF No. 12-1, PageID.453 (state court docket sheet).) Alshara filed a request for an entry of default, which he appends to his motion. (ECF No. 4,

7

PageID.356–357.) The clerks' office never docketed an entry of default against Apple—because Apple was not in default. It timely responded to Alshara's complaint and filed a motion for summary disposition. (*See* ECF No. 12-1, PageID.453.) So there is no entry of default for the court to "recognize." Thus, Alshara's default motions (ECF Nos. 4, 19) are also denied.

## III.

Finally, in light of Alshara's voluminous filings, rapidly compiled and frequently non-conforming, the Court finds it prudent to say a few words about this District's local rules and the Court's case management requirements.

For one, they apply to all parties, whether represented or *pro se*. So all parties are obligated to comply with the page limits and brief formatting requirements set forth in these Rules. E.D. Mich. LR 5.1, 7.1; (*see also* ECF No. 13). Failure to do so may result in the filings being stricken from the docket. For another, all parties must exercise care in the representations they make to the Court. *See* Fed. R. Civ. P. 11. Factual contentions must have "evidentiary support" and legal contentions must be "warranted by existing law or by a nonfrivolous argument" for extending the law. *See id.* Use of AI tools does not absolve parties from these basic requirements. *See, e.g.*, *Johnson v. Experian Info. Solutions*, 25-13389, 2026 U.S. Dist. LEXIS 107105, at *7–8 (E.D. Mich. May 13, 2026) ("the use of generative AI when drafting legal filings is a very risky practice, as *pro se* litigants and attorneys are still subject to the requirements of Fed. R. Civ. P. 11(b)(2) with respect to pleadings, motions and other documents they sign and submit to the Court; even in the absence of bad faith, Rule

11 sanctions for use of AI generated phantom cases may be warranted."); *Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 970 (7th Cir. 2026) (cautioning that litigants who use AI to draft their filings "must read their filings and take reasonable care to avoid misrepresentations, factual and legal.")

**IV.**

For these reasons, Alshara's motion to remand (ECF No. 5) is DENIED.

His motion for this Court's recusal (ECF No. 9) is DENIED and his motion for Magistrate Judge Anthony P. Patti's recusal (ECF No. 3) is DENIED as MOOT. Finally, his motions to enforce a state court entry of default (ECF Nos. 4, 19) are DENIED.

IT IS SO ORDERED.

Dated: July 8, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE